UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SELIN GURERALP,**<br><br>                    Plaintiff,<br><br>v.<br><br>**SYMBOLIC NEW YORK, INC. d/b/a HG CONTEMPORARY GALLERY AND PHILIPPE HOERLE-GUGGENHEIM,** an individual<br><br>                    Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><u>**JURY TRIAL REQUESTED**</u> |

## **INTRODUCTION**

1. Plaintiff Selin Gureralp, worked as an assistant for Defendants' art gallery for approximately two years. During this time, Defendants failed to pay her an overtime rate for hours worked over forty in a week and did not pay her at all for the final six months of her employment. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Symbolic New York, Inc., d/b/a HG Contemporary Gallery and Philippe Hoerle-Guggenheim to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' art gallery located at 527 W. 23rd Street, New York, NY 10011.

## PARTIES

**Defendant SYMBOLIC NEW YORK, INC. d/b/a HG CONTEMPORARY GALLERY**

5. Defendant Symbolic New York, Inc. d/b/a HG Contemporary Gallery ("HG Gallery") is a corporation doing business within the County of New York, and whose principal place of business is located at 527 W. 23rd Street, New York, NY 10011.  HG Gallery is registered with the NYS Department of State as having a process address of C/O Davidoff Hutcher & Citron, LLP Attn: Larry Hutcher, Esq. 605 Third Avenue, New York, New York 10158.

6. At all relevant times, Defendant HG Gallery had annual gross revenues in excess of $500,000.

7. Defendant HG Gallery sells pieces of art ranging in price from a few thousand dollars up to and above hundreds of thousands of dollars each.  Upon information and belief, in all relevant years, Defendant HG Gallery has sold more than $500,00.00 worth of art.

8. At all relevant times, Defendant HG Gallery was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Defendant HG Gallery sells pieces of art to individuals and businesses throughout the United States and the world.  Upon information and belief, in all relevant years, Defendant HG Gallery has sold art to individuals and/or businesses in New York, New Jersey,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 2

Connecticut, Pennsylvania, California, Nevada, Idaho, Massachusetts, and Washington D.C., as well as the countries of Germany, Belgium, England, Turkey, and Georgia.

10. At all times material to this action, Defendant HG Gallery was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

11. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC 203(r).

**Defendant Philippe Hoerle-Guggenheim**

12. Defendant Philippe Hoerle-Guggenhein an individual, resides in New York County, upon information and belief.

13. At all times material to this action, Defendant Hoerle-Guggenheim actively participated in the business of the corporation.

14. At all times material to this action, Defendant Hoerle-Guggenheim exercised substantial control over the functions of the company's employees including Plaintiff.

15. Defendant Hoerle-Guggenheim hired Plaintiff, set her rate of pay, directed her job duties and responsibilities, and was her primary supervisor.

16. At all times material to this action, Defendant Hoerle-Guggenheim was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

17. Defendant Hoerle-Guggenheim has an ownership interest in and/or is a shareholder of HG Contemporary Gallery.

18. Defendant Hoerle-Guggenheim is one of the ten largest shareholders of HG Contemporary Gallery.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 3

**Plaintiff Selin Gureralp**

19. Plaintiff Selin Gureralp is a resident of New York, New York, which is in New York County.

20. At all times material to this action, Plaintiff Gureralp was an "employee" within the meaning of 29 U.S.C. § 203(e).

21. Plaintiff Gureralp worked for Defendants as an assistant from approximately February 2015 through November 2016.

22. While in this position, Plaintiff Gureralp's pay scheme was hourly.

23. Plaintiff Gureralp's rate of pay was $15 per hour.

24. While working in this capacity, Plaintiff Gureralp was not expected to record time worked. However, for some time during her employment, Plaintiff recorded her hours and provided her weekly time logs to Defendants.

25. Plaintiff Gureralp's schedule fluctuated greatly. By way of example only, during the week June 13, 2016 through June 17, 2016, Plaintiff worked at total of 44 hours, including over ten hours of work on the 15th and 16th of that week. For this week, Defendants paid her nothing at all. As such, Defendants failed to pay her the minimum wage for all hours worked, her agreed upon wage for all hours worked, a corresponding overtime rate for all hours worked over forty, or spread of hours pay for days in which she worked over 10 hours.

26. Plaintiff Gureralp generally did not get a meal break.

27. Plaintiff Gureralp estimates that generally she worked approximately 20 to 50 hours per week.

28. Plaintiff Gureralp was not paid at a rate of one and one half times her normal hourly rate

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

for all hours over 40 worked in a workweek.

29. Plaintiff Gureralp was not paid an additional hour at the relevant NY minimum wage for days in which she worked ten or more hours in a day.

30. From approximately June 2016 through her separation in November 2016, Defendants entirely failed to pay Plaintiff.

31. Throughout her employment, Defendants entirely failed to provide Plaintiff with a paystub when they chose to pay her.

32. Throughout her employment, Defendants entirely failed to provide Plaintiff with a wage notice.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime*

34. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

35. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of the FLSA.

*Late Payments*

36. On at least some occasions, Plaintiff did not receive her paychecks on the prescribed paydays.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 5

37. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

38. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

39. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

40. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

41. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 6

### *Failure To Pay Overtime*

44. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

45. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

### *Failure To Pay Minimum Wage*

46. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of NYLL § 652.

### *Failure To Pay Wages At Prescribed Frequency*

47. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

48. Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

49. When Plaintiff was separated from the Defendants, Defendants failed to pay the wages owing in her final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs / Wage Notices*

50. Defendants failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 7

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

51. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

52. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

53. At all relevant times, Defendants failed to establish, maintain and preserve for not less than six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

54. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Willfulness and Damages*

55. Defendants willfully violated the rights of Plaintiff by failing to pay her for all of the hours she actually worked.

56. Defendants willfully violated the rights of Plaintiff by failing to pay her at a rate of not less than one and one-half times her regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Gureralp v. HG Contemporary Gallery et al.
USDC, Southern District of New York

Complaint
Page 8

57. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiff statutory damages pursuant to NYLL § 198;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 9

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **25th** day of **August, 2017.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD2244)**
*penn@andersondodson.com*

*[signature]*

**Alexander L. Gastman (AG8241)**
*alex@andersondodson.com*

Attorneys for Plaintiff

11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gureralp v. HG Contemporary Gallery et al.*
USDC, Southern District of New York

Complaint
Page 10